HIRAM P. JONES, and another,

*vs.*

THE VINAL HAVEN STEAMBOAT COMPANY.

Knox.    Opinion March 30, 1897.

*Set-Off.   Recoupment.   Payment.   R. S., c. 82, § 57.*

It is well-settled law that, in an action by a firm for a partnership claim, a demand against one of the partners individually is not a legal or proper set-off ; and conversely in an action by one of a firm for his individual claim, a demand against the firm cannot be offset.

A member of the plaintiff firm was treasurer of the defendant corporation, and had in his hands, as treasurer, money of the corporation ; and it did not appear that he ever held this money in any other capacity than that of treasurer ; or received it or held it as a partner in the plaintiff firm ; or appropriated it or attempted to appropriate it to the payment of a partnership debt ; nor was there any agreement that it should be so appropriated.   In an action to recover a debt from the defendant, *held ;* that the defendant's claim cannot be allowed either by way of set-off or recoupment or on the ground of payment.

ON REPORT.

The case is stated in the opinion.

*C. E. and A. S. Littlefield,* for plaintiffs.

*W. H. Fogler,* for defendant.

SITTING :   PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, STROUT, JJ.

WHITEHOUSE, J.   This action is brought by H. P. Jones and George T. Rogers, co-partners, to recover the sum of $1972.16 for coal sold and delivered by the plaintiff firm to the defendant corporation between June, 1893, and February, 1895.   During all that time and until April, 1895, the plaintiff Jones was treasurer of the defendant company ; and it was claimed in behalf of the defense that, as treasurer, Jones had money in his hands belonging to the defendant company, and that this money should be applied in

reduction of the amount due from the defendant company to the partnership of which he was a member. The plea was the general issue, no account in set-off being filed. The case was reported for the law court to determine whether any money thus held by Jones as treasurer, can be legally applied in this action in reduction of the plaintiff's co-partnership claim.

It is clear that the defendant's claim cannot be allowed upon the facts and pleadings stated, either by way of set-off, or recoupment, or on the ground of payment.

It is not contended that in the exercise of his right or the discharge of his duty as treasurer of the defendant company, Jones had in fact appropriated the money in his hands, as treasurer to the payment of the debt. It is not claimed that there had ever been any agreement between all the parties that it should be so appropriated. It is not suggested that Jones was the only ostensible and active member of the firm and that Rogers was only a dormant partner, or that there was any uniform practice or usage on the part of the plaintiff firm in receiving accounts against the individual partners in payment of partnership demands, which would have justified the defendant company in assuming that this claim would be so received. Under these circumstances the law is well settled that, in an action by a firm for a partnership claim, a demand against one of the partners individually is not a legal or proper offset, and conversely that in an action by one of a firm for his individual claim a demand against the firm cannot be set-off. *Stevens* v. *Lunt*, 19 Maine, 70; *Williams* v. *Brimhall*, 13 Gray, 462; Waterman on Set-Off, 226–238. "The demand must be due from all the plaintiffs to all the defendants jointly." R. S., c. 82, § 57.

It cannot be sustained by way of recoupment because the defendant's claim is not against both plaintiffs, and had no connection whatever with the purchase of the coal from the plaintiff firm. The two claims do not arise from the same transaction or the same subject matter. Waterman, Set-Off, 464.

Indeed, the learned counsel for the defendant expressly states in his argument that the company does not rely upon set-off or

recoupment; but he insists that the money in the hands of Jones should be regarded as payment, for the reason that it was his duty as treasurer to pay for the coal, and if the amount now in his hands as treasurer had been charged by him on the defendant's books as having been paid to his firm in liquidation of this account, it would undoubtedly have been deemed payment pro tanto. And it is argued that it is none the less so because he failed to charge the amount on the books of the company.

But unfortunately for the defendant, the case only shows that "said Jones as treasurer of said company had in April 1895, and still has, money of the defendant company in his hands *as treasurer*." It fails to appear that he ever had this money in his hands in any other capacity than that of treasurer. He never received the money as a partner in the plaintiff firm, and never held it as a partner. There is no evidence whatever of any attempt to appropriate it to the payment of this partnership debt, or of any pretense on his part that he had so appropriated it. He still holds it as the money of the defendant company. The plaintiff Rogers cannot be affected by it. It cannot be offset against the claim in suit.

*Judgment for the plaintiff.*